E. A. BLACKMON v. THE STATE.

No. 11423.   Delivered March 7, 1928.

**Transporting Intoxicating Liquor—Evidence—Held Sufficient.**

Where officers saw appellant get in a car, carrying an object which looked like a quart bottle of whiskey and followed the car until appellant

parked it, and upon searching the car discovered a quart bottle of whiskey, this evidence, though contradicted by witnesses for appellant, was sufficient to support the verdict of conviction.

Appeal from the District Court of Dawson County. Tried below before the Hon. Gordon B. McGuire, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for one year.

The record cóntains no bills of exception.

The state proved facts as follows: Appellant was seen by officers at the residence of Mr. Holcomb. He came out of the house with something in his hand that looked like a quart bottle of whiskey, placed it under the back seat of a car and drove the car to town. The officers followed appellant, he being at all times within their view. Upon reaching town appellant parked his car, and the officers parked near him. Appellant got out of the car and went into a building. In the meantime, the officers watched the car. No one had been in the car except appellant. When appellant returned to the car Homer West came with him. The officers stated to the parties that they desired to search the car. West replied that it was his car and that there was nothing in it. Upon searching the car with West's permission, the officers found a quart bottle of whiskey under the back seat.

Appellant testified that he purchased the whiskey from Stoner Hinch; that Hinch placed the whiskey in the car after it had been parked by appellant; that he, appellant, did not move the car after the whiskey had been placed in it. Several of appellant's witnesses testified that they had seen someone in the car shortly before the car was searched and that such person was not appellant.

Testifying in rebuttal for the state, Hinch denied that he had sold appellant any whiskey and denied that he had placed any whiskey in the car.

The jury resolved the issues against appellant, and the evidence was amply sufficient to support their verdict and the judgment rendered thereon.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.